UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOHN WESLEY POTEAT, | : | |
| | : | |
| Petitioner, | : | Civ. No. 16-2351 (RBK) |
| | : | |
| v. | : | |
| | : | |
| ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, et al., | : | OPINION |
| | : | |
| Respondents. | : | |

**ROBERT B. KUGLER, U.S.D.J.**

## I.  INTRODUCTION

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his conviction for murder and other charges. He is currently serving a life sentence. The respondents have filed a motion to dismiss the habeas petition as untimely. For the reasons set forth below, the motion to dismiss will be granted and petitioner's habeas petition will be dismissed because it was not filed within the one-year limitations period.

## II.  BACKGROUND

Following a jury trial in 1997, petitioner was convicted of murder, armed robbery, attempted murder and hindering amongst other charges. He received a sentence by the New Jersey Superior Court as follows: (1) murder – life with thirty-year parole disqualifier; (2) armed robbery – twenty years with nine-year parole disqualifier consecutive to murder conviction; (3) attempted murder – life with twenty-five-year parole disqualifier consecutive to armed robbery conviction; and (4) hindering – five years with two-and-one-half-year parole disqualifier consecutive to attempted murder conviction.

Petitioner appealed his judgment of conviction to the New Jersey Superior Court, Appellate Division. The Appellate Division affirmed the judgment of conviction, but modified the sentence to reflect that petitioner was to serve his two life sentences prior to his twenty-year sentence for armed robbery. In an order filed on February 16, 2000, the New Jersey Supreme Court denied certification.

Petitioner filed a post-conviction relief ("PCR") petition on March 10, 2002. Petitioner's PCR petition was denied by the Superior Court on May 4, 2006. Thereafter, in March, 2014, petitioner filed a second PCR petition. That second PCR petition was denied on March 25, 2014 as untimely. Petitioner then appealed the denial of his second PCR to the Appellate Division. The Appellate Division affirmed the denial of the second PCR petition on June 15, 2015. The Appellate Division noted that petitioner had filed his second PCR petition seventeen years after petitioner's conviction and that there was no basis to extend the five-year time period for which petitioner should have filed a PCR petition. It does not appear that petitioner filed a petition for certification with the New Jersey Supreme Court on his second PCR petition.

This Court applies the prisoner mailbox rule to determine when petitioner is deemed to have filed this federal habeas petition. *See Houston v. Lack*, 487 U.S. 266, 270-71 (1988). In this case, petitioner is deemed to have filed his federal habeas petition on April 21, 2016, as that is the date that petitioner dated his federal habeas petition. *See Maples v. Warren*, No. 12–0993, 2012 WL 1344828, at *1 n.2 (D.N.J. Apr. 16, 2012) ("Often times, when the court is unable to determine the exact date that a petitioner handed his petition to prison officials for mailing, it will look to the signed and dated certification of the petition."). Petitioner argues that his habeas petition is timely as he actually filed his first PCR petition on June 23, 2000. After not getting a response from the Superior Court about this filing, petitioner states that he wrote a letter to the

state court on October 25, 2001, that inquired about the status of his PCR filing. Thereafter, according to petitioner, he refiled his PCR petition on March 10, 2002. Petitioner then states that after the PCR court denied his PCR petition on May 4, 2006, he filed a letter-brief with the Superior Court for reconsideration on May 26, 2006. According to petitioner, after not hearing anything for seven years, petitioner explains that he received a letter from the public defender in 2013, after he inquired into the status of his case. That letter stated that petitioner did not have anything pending at the appellate level. (*See* Dkt. No. 1-1 at p.2-3; Dkt. No. 1-16 p.6) At that point, according to petitioner, he moved forward with filing his second PCR petition.

Respondents have filed a motion to dismiss arguing that the habeas petition is untimely. Petitioner filed a response in opposition to the motion to dismiss. Respondents did not file a reply in support of their motion.

### III.  DISCUSSION

Respondents argue that the habeas petition should be denied because it is untimely. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). That limitations period begins to run when the criminal judgment becomes "final."[1] A state-court criminal

---

[1] The statute states in full that the limitation period shall run from the latest of—

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

judgment becomes "final" within the meaning of § 2244(d)(1) at the conclusion of direct review or at the expiration of time for seeking such review. *See Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000); *Morris v. Horn*, 187 F.3d 333, 337 n.1 (3d Cir. 1999); *see also* 28 U.S.C. § 2244(d)(1)(A) (the 1-year period begins on 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review'). In particular, when a defendant does not file a petition for certiorari with the United States Supreme Court, the one-year limitations period starts to run when the ninety-day period for seeking certiorari expires. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 653 (2012); *Clay v. U.S.*, 537 U.S. 522, 532 (2003); *Morris*, 187 F.3d at 337 n.1 (holding that the period of direct review "include[s] the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court"); U.S. SUP. CT. R. 13 (ninety-day deadline to petition for certiorari).

The New Jersey Supreme Court denied certification on petitioner's direct appeal on February 16, 2000. As petitioner did not seek certiorari from the United States Supreme Court, his judgment became final ninety days thereafter, or on May 16, 2000. The one-year habeas deadline began to run then. He did not file this federal habeas petition, however, until almost sixteen years later, on April 21, 2016. Therefore, unless the limitations period is tolled, petitioner's habeas filing is untimely.

A. Statutory Tolling

The filing of a PCR petition may statutorily toll (*i.e.*, suspend) the running of the one-year habeas limitations period. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly

---

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence ....

28 U.S.C. § 2244(d)(1). There is no indication that any subsection other than (A) is applicable here

filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). A prisoner's application for state collateral review is "'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings[.]" *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 85 (3d Cir. 2013) (quoting *Artuz v. Bennett,* 531 U.S. 4, 8 (2000)).

However, petitioner did not file his PCR petition until March 10, 2002, approximately twenty-two months after his judgment became final on May 16, 2000. Accordingly, when he filed his PCR petition, the one-year habeas limitations period had already expired. Nevertheless, petitioner states that he filed his first PCR petition on June 23, 2000. In support of this, he attaches the first page of a notice of motion for the filing of a PCR petition. (*See* Dkt. No. 1-15 at p.1) This one page document supplied by petitioner is not dated on its face. Furthermore, petitioner does not provide any proof that he actually mailed this document.

State law determines when a PCR petition is "properly filed." *See Hamm v. Holmes*, No. 12-5337, 2015 WL 5679877, at *3 n.3 (D.N.J. Sept. 24, 2015) (citing *Pace v. DiGuglielmo,* 544 U.S. 408, 414 (2005); *Merritt v. Blaine,* 326 F.3d 157, 165 (3d Cir. 2003) (quoting *Fahy v. Horn,* 240 F.3d 239, 243–44 (3d Cir.2001))); *Garcia v. Bartkowski*, No. 11-3689, 2015 WL 857737, at *6 (D.N.J. Feb. 27, 2015) ("[T]he question of the proper filing of a state post-conviction relief application is a matter of state procedural law governing post-conviction filings[.]") (citations omitted). It appears as if the New Jersey Supreme Court has not determined whether to apply the prisoner mailbox rule to PCR petitions. *See Hamm*, 2015 WL 5679877, at *3 n.3 (noting that New Jersey Supreme Court has not decided whether prisoner mailbox rule applies to PCR petitions); *Garcia*, 2015 WL 857737, at *6 (same). However, even if the prisoner mailbox rule

was applicable to the filing of petitioner's PCR petition in New Jersey, petitioner fails to establish that this Court should invoke such a rule to his purported June, 2000 filing. Indeed, in states like Pennsylvania, which do follow the prisoner mailbox rule for PCR petitions, "[or]dinarily, 'to avail himself of the prisoner mailbox rule, an incarcerated litigant must supply sufficient proof of the date of mailing.'" *Nichols v. Coleman*, No. 08-2445, 2010 WL 1053094, at \*3 (E.D. Pa. Mar. 17, 2010) (quoting *Douglas v. Beard,* No. 00-4935, 2002 WL 550474, at \*3 n.5 (E.D. Pa. Apr. 12, 2002) (quoting *Thomas v. Elash,* 781 A.2d 170, 177 (Pa. Super. Ct. 2001)), *aff'd,* 359 F.3d 257 (3d Cir.2004))). The record in this case provides no proof whatsoever that petitioner actually mailed a PCR petition in June, 2000. Accordingly, even if the prisoner mailbox rule was applicable to petitioner's PCR petition under New Jersey law, petitioner fails to provide sufficient proof that it should be applied in this case to make his PCR petition be deemed "properly filed" in June, 2000.

Additionally, if the prisoner mailbox rule does not apply to New Jersey PCR petitions, then petitioner also fails to show that this purported June, 2000 document was "properly filed," to warrant statutory tolling. There is no indication that it was delivered and accepted by the New Jersey Superior Court. Indeed, the copy of the document petitioner relies on to illustrate this June, 2000 filing (*see* Dkt. No. 1-15 at p.) appears to have been made part of petitioner's record on appeal on his second PCR. The only date on this one page document is from when it was received by the Appellate Division on January 15, 2016. (*See id.*) Accordingly, petitioner fails to show that such a filing was ever properly delivered and accepted by the state court to be deemed "properly filed" if the prisoner mailbox rule does not apply to New Jersey PCR petitions under New Jersey law.[2]

---

[2] A discussion of whether the period between June 23, 2000 and March 10, 2002 should be equitably tolled is discussed *infra* Part III.B.i. Furthermore, as discussed below, even if statutory

A timely PCR petition filed during the one year period will suspend its running; it will not, however, revive a one year period that has already expired. *See Long v. Wilson*, 393 F.3d 390, 394-95 (3d Cir. 2004) ("The state habeas petition had no effect on tolling, because an untimely state post-conviction petition is not properly filed for purposes of tolling and, in any event, the limitations period had already run when it was filed."); *see also Saunders v. Lamas*, No. 12-1123, 2013 WL 943351, at *5 (E.D. Pa. Feb. 3, 2013) (Statutory tolling inapplicable when PCR petition was filed after the expiration of AEDPA's one-year limitations period) (citing *Pace v. DiGuglielmo*, 544 U.S. 408 (2005)), *report and recommendation adopted*, 2013 WL 943356 (E.D. Pa. Mar. 11, 2013); *Shoatz v. DiGuglielmo* No 07-5424, 2011 WL 767397, at *1 n.2 (E.D. Pa. Feb. 25, 2011) ("[B]ecause all of petitioner's subsequent PCRA petitions were filed after his one-year limitation period expired ... none of these filings entitle petitioner to statutory tolling, regardless of their disposition."). Thus, when petitioner filed his first PCR petition on March 10, 2002, statutory tolling would not save petitioner's federal habeas petition because his one-year federal habeas statute of limitations period had already expired.

Even if this Court was to statutorily toll the period from June 23, 2000 until June, 2006, statutorily tolling this period would still not make petitioner's federal habeas petition timely. Indeed, petitioner did not appeal the denial of his first PCR. Thus, he had no pending "properly filed" PCR petition from when his first PCR petition became final in June 2006, until March 2014, when he filed his second PCR petition. During this period of almost eight years, petitioner's one-year federal habeas statute of limitations would have then run and expired.[3]

---

tolling applies from June, 23, 2000 to June, 2006, petitioner fails to show that statutory tolling and/or equitable tolling applies between June 2006 and March 2014.

[3] As discussed in *infra* Part III.B.ii, petitioner states that he filed a motion for reconsideration of the denial of his first PCR petition on May 26, 2006. However, there is no indication that such a motion was ever "properly filed" to keep his first PCR proceedings pending. First, if the prisoner mailbox rule does apply to New Jersey PCR petitions, petitioner fails to provide any proof of

Thus, it follows that petitioner's second PCR petition, which was filed in March, 2014, also did not statutorily toll the statute of limitations which had expired several years previously. *See Saunders*, 2013 WL 943351, at *5 (Statutory tolling inapplicable when PCR petition was filed after the expiration of AEDPA's one-year limitations period); *Shoatz*, 2011 WL 767397, at *1 n.2. Accordingly, statutory tolling does not make petitioner's federal habeas petition timely.

    B.  Equitable Tolling

Petitioner also argues that he is entitled to equitable tolling. It is true that a petitioner may be able to overcome a time bar if he can show a basis for equitable tolling. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418; *see also Jenkins*, 705 F.3d at 89. "There are no bright lines in determining whether equitable tolling is warranted in a given case." *See Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011). The Third Circuit has explained that "equitable tolling is appropriate when principles of equity would make rigid application of a limitation period unfair, but that a court should be sparing in its use of the doctrine." *Ross v. Varano*, 712 F.3d 784, 799 (3d Cir. 2013) (citing *Pabon*, 654 F.3d at 399; *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999)).

For equitable tolling to apply, the Third Circuit has required a showing of reasonable diligence:

---

service for mailing on the motion for reconsideration. Second, if the prisoner mailbox rule does not apply to New Jersey PCR petitions, petitioner fails to show that this motion for reconsideration was ever actually delivered and accepted by the New Jersey Supreme Court. Accordingly, and based on this record, his first PCR proceedings terminated when the time for petitioner to appeal that denial to the Appellate Division expired forty-five days after his PCR petition was denied. *See* N.J. CT. R. 2:4-1(a); *see also Swartz*, 204 F.3d at 424 (holding that application for PCR is considered "pending" within the meaning of § 2244(d)(2) during the period between a lower state court's ruling and the period a petitioner has to seek review of the decision, whether or not the appeal was actually sought).

> The diligence required for equitable tolling purposes is reasonable diligence, not maximum, extreme, or exceptional diligence, [citing *Holland v. Florida*, 130 S. Ct. 2549, 2565 (2010)]. "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005).... The fact that a petitioner is proceeding pro se does not insulate him from the 'reasonable diligence' inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling. *See Brown v. Shannon*, 322 F.3d 768, 774 (3d Cir. 2003).

*Ross*, 712 F.3d at 799. Extraordinary circumstances may be found where: (1) the petitioner has been actively misled; (2) the petitioner has in some extraordinary way been prevented from asserting his rights; or (3) where the petitioner has timely asserted his rights in the wrong forum. *See Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001) (citing *Jones*, 195 F.3d at 159). However, "[i]n non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." *Id.* (citations omitted).

    i.    *May 16, 2000 to March 10, 2002*

Petitioner's conviction became final on May 16, 2000, yet he did not file his first PCR petition until March 10, 2002. Nevertheless, petitioner appears to assert that he is entitled to equitable tolling during this period because he tried to file his PCR petition on June 23, 2000. As indicated above, the document that petitioner relies on to show this attempt gives no indication that petitioner actually filed this document with the New Jersey Superior Court in June, 2000. Furthermore, assuming for purposes of argument that petitioner did attempt to submit his first PCR in June, 2000, he purportedly waited over fifteen months, or until October 25, 2001, to inquire about its status. (*See* Dkt. No. 1-15 at p.2) It appears that petitioner did not receive a response to this October, 2001 letter. However, petitioner then waited over four more months to

9

properly file his first PCR petition with the New Jersey Superior Court. This gap of over twenty months from when petitioner states he sent his first PCR petition to be filed in June, 2000, until he actually filed it in March, 2002, indicates that petitioner was not exercising reasonable diligence in the pursuit of his state court remedies. *See LaCava*, 398 F.3d at 277 ("[W]e nonetheless conclude that LaCava did not exercise the requisite due diligence by allowing more than twenty-one months to lapse from the filing of his petition for allowance of appeal until he inquired with the Pennsylvania Supreme Court's Prothonotary's Office as to its status."). Thus, petitioner fails to show that he is entitled to equitable tolling for the period between May, 2000 and March, 2002.

      ii.      *June 18, 2006 to March, 2014*

Even if this Court were to apply equitable tolling for the period between June, 2000 and March, 2002, petitioner would still have to account for the almost eight-year period between June 18, 2006 – when the time for petitioner to appeal the denial of his first PCR petition to the Appellate Division expired, and March, 2014 – when he filed his second PCR petition. Petitioner states that he filed a motion for reconsideration on the denial of his first PCR petition on May 26, 2006. (*See* Dkt. No. 1-1 at p.2) He attaches a document that is entitled "Motion for Reconsideration of Post Conviction Relief Petition. (*See* Dkt. No. 1-16 at p.1-5) This document is not dated, nor is there any indication that it was ever filed with the PCR court. Furthermore, and most importantly for purposes of deciding this case, petitioner waited almost seven years before he purportedly found out that this motion was not active. Petitioner purportedly discovered this in the letter dated June 6, 2013 from the Public Defender's Office. Even assuming *arguendo* that petitioner attempted to file a motion for reconsideration from the denial of his first PCR petition in June, 2006, he waited almost seven years before inquiring into its

purported status. Petitioner appears to have done nothing for the seven-year period between purportedly attempting to file a motion for reconsideration and discovering that he had no pending matters. This indicates a lack of reasonable diligence. *See, e.g.*, *LaCava*, 398 F.3d at 277 (twenty-one month period constitutes lack of due diligence); *Howard v. Kerestes*, No. 14-1234, 2016 WL 3455372, at *3 (W.D. Pa. May 26, 2016) (failure to explain twenty-two month period where petitioner did not inquire into status of appeal indicates lack of due diligence); *United States v. Andrews*, Crim. No. 92-671-8, 2014 WL 11495081, at *4 (E.D. Pa. Apr. 23, 2014) (collecting cases that hold that lack of inquiry by petitioner into pending matters constitutes lack of due diligence and holding that failure to take action on pending motion for three to four year period constitutes lack of due diligence). Accordingly, petitioner fails to show that he would be entitled to equitable tolling from when his first PCR petition was denied in May, 2006, until he filed his second PCR petition in March, 2014 as well.

      iii.    *Failure to Inform Petitioner of One-year Statute of Limitations*

Petitioner appears to make one final argument in support of equitable tolling in his response to the motion to dismiss. Indeed, petitioner argues that this Court should "relax" the one-year applicable statute of limitations because his PCR counsel did not inform him about this one-year period. (*See* Dkt. No. 10 at p. 3, 5)

As previously stated, "[i]n non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." *See Fahy*, 240 F.3d at 244. This purported failure to inform petitioner about the applicable one-year statute of limitations to bring a § 2254 motion does not rise to the level to warrant equitable tolling. *See Batts v. Giorla*, No. 11-5947, 2012 WL 3046334, at *4 (E.D. Pa. Jan. 18, 2012) (failure of state public defender to inform petitioner of

11

federal habeas statute of limitations does not warrant equitable tolling), *report and recommendation adopted by*, 2012 WL 3046327 (E.D. Pa. July 26, 2012); *China v. United States*, No. 07-2260, 2008 WL 2152056, at *2 (E.D. Pa. May 21, 2008) ("An attorney's failure to inform an incarcerated client about the statute of limitations governing his collateral attack, as Petitioner asserts without demonstrating that he so much as inquired about this Motion with his attorney at any time in or outside of the limitations period, by no means illustrates an extraordinary circumstance beyond Petitioner's control that stood in the way of his compliance with AEDPA's limitations period."); *Hartmann v. Carroll*, No. 03-796, 2004 WL 2713104, at *5 (D. Del. Nov. 16, 2004) (failure to inform petitioner about federal habeas statute of limitations does not warrant equitable tolling). Furthermore, petitioner's own lack of legal knowledge is insufficient to warrant equitable tolling. *See Ross*, 712 F.3d at 799–800 (noting in habeas context that fact that petitioner is proceeding *pro se* and his lack of legal knowledge or training does not alone justify equitable tolling). Accordingly, petitioner is not entitled to habeas relief based on his lack of knowledge about the applicable one-year statute of limitations.

   C.  <u>Certificate of Appealability</u>

      Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327

(2003). For the reasons discussed above, petitioner has not met this standard. This Court will not issue a certificate of appealability.

## IV.     CONCLUSION

For the foregoing reasons, respondents' motion to dismiss petitioner's habeas petition will be granted and the habeas petition will be dismissed. A certificate of appealability shall not issue. An appropriate order will be entered.


DATED:  January 31, 2017                               s/Robert B. Kugler
                                                       ROBERT B. KUGLER
                                                       United States District Judge